**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

PABLO GUARTAZACA-DUTAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-70826

Agency No. A215-882-094

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Pablo Guartazaca-Dutan, a native and citizen of Ecuador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Guartazaca-Dutan failed to establish that the harm he experienced or fears in Ecuador was or would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim"). We lack jurisdiction to consider Guartazaca-Dutan's contentions as to a political opinion claim because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to the BIA). Thus, Guartazaca-Dutan's asylum and withholding of removal claims fail.

In his opening brief, Guartazaca-Dutan does not contest the BIA's determination that he waived challenge to the IJ's denial of his CAT claim, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived), and we lack

jurisdiction to consider his contentions as to the merits of his CAT claim, *see*

*Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**